IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH J. GOOD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL RESERVE BANK )<br>OF CLEVELAND, )<br>)<br>Defendant. ) | Civil Action No. 05-383<br>Judge Nora Barry Fischer |

## **ORDER**

On this 16th day of October, 2007, it is hereby ORDERED that Plaintiff's Motion for Partial Summary Judgment [DE 51] ("Plaintiff's Motion") is DENIED as Plaintiff's Second Amended Complaint (Docket No. 12, "Complaint") has been dismissed in its entirety as set forth in this Court's Order and Memorandum Opinion dated October 9, 2004 [DE 73 & 74].

In his Complaint (Docket No. 12), Plaintiff seeks injunctive relief against Defendant's alleged continuing unlawful employment practices. Complaint at ¶ 32.A. In his Motion for Partial Summary Judgment, Plaintiff seeks a determination that Defendant's Affirmative Action Plan or equivalent and Succession Review Plan violate the guidelines of Title VII. Further, Plaintiff asks the Court to approve an appropriate jury instruction to reflect such findings. (Docket No. 51).

In order for this Court to exercise jurisdiction to hear Plaintiff's Motion, the threshold requirements of Article III must be met. Specifically, there must be a justiciable case or controversy and the plaintiff must have standing to bring suit. *Allen v. Wright,* 468 U.S. 737, 750-51 (1984). In

1

order to have standing, the plaintiff must allege an actual injury suffered as the result of the defendant's conduct which is likely to be redressed by the relief requested. *Id.* at 751. In addition, an actual controversy must exist at all stages, not simply when the plaintiff files the complaint. *New Jersey Turnpike Auth. V. Jersey Cent. Power & Light*, 772 F.2d 25, 31 (3d Cir. 1985). Where the parties lack a cognizable interest in the outcome of a case or where the issues presented are no longer "live," the claim is moot and the plaintiff lacks standing to proceed. *Smith v. Comm. of Pa.*, 94-1314, 1997 WL 704963 (E.D.Pa., Dec. 14, 1994) (citing *Id.*).

In the present case, on October 9, 2007, this Court issued a memorandum opinion and order granting Defendant's Motion for Summary Judgment in its entirety (Docket Nos. 73 & 74). In said opinion, this Court held that there was not an actionable adverse employment action in this case. (Docket No. 73 at p. 15). Courts have consistently held that the lawfulness of a putative affirmative action plan must not be addressed until after a plaintiff proves that he or she suffered an adverse employment action because of the employer's affirmative action plan. *See, e.g. Whalen v. Rubin*, 91 F.3d 1041, 1045-46 (7th Cir. 1996); *Brown v. McLean*, 159 F.3d 898, 904 (4th Cir. 1998); *Carter v. O'Neill*, 78 Fed. Appx. 978, 979 n.6 (5th Cir. 2003); *Cerrato v. San Francisco Comm. College Dist.*, 26 F.3d 968, 976 (9th Cir. 1994). Given the same, all of Plaintiff's claims were dismissed, and presently, this case does not present any "live" claims for this Court to decide. Accordingly, because no justiciable case or controversy exists at this time this Court does not have jurisdiction to hear Plaintiff's Motion.

Therefore, Plaintiff's Motion [DE 51] is DENIED AS MOOT.

*/s/ N. Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record